**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0547n.06
Filed: August 2, 2006

**No. 05-1074**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| WARREN FURRY and TRI-FECTA, INC., | ) | |
| a Michigan Corporation, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| v. | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| THE CITY OF LINDEN, | ) | **OPINION** |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE:     **GIBBONS and COOK, Circuit Judges, and SCHWARZER,**[*] **Senior District Judge**

**WILLIAM W SCHWARZER, Senior District Judge.**  Warren Furry and Tri-Fecta, Inc. appeal the district court's grant of summary judgment in their § 1983 action against the City of Linden.  Because the parties are familiar with the facts, we recite them here only to the extent necessary for our decision.  The events on which the appellants base their constitutional claims fall into three categories: (1) police activity including the operation of police vehicles near the appellants' establishment, delayed responses to 911 calls from the establishment, entrance into appellant Furry's home, and other acts of alleged harassment; (2) city employee activity including blocking appellants access to their dumpster and recommending that others avoid patronizing

---

[*]The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

appellants' establishment; and (3) acts of city employees with policymaking authority including zoning decisions regarding a door, awning, parking lot, and fence located at the appellants' establishment. For all three categories, we affirm the district court's grant of summary judgment.

"We review de novo a district court's grant of summary judgment." *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006). In determining whether there are no genuine issues as to any material facts and whether the moving party is entitled to a judgment as a matter of law, "we must view the facts and the inferences drawn therefrom in the light most favorable to the nonmovant." *Id*. "In the specific context of a § 1983 action, the non-moving party must demonstrate a genuine issue of material fact as to the following two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) that the deprivation was caused by a person acting under color of state law." *Miller v. Calhoun County*, 408 F.3d 803, 812 (6th Cir. 2005) (internal quotation marks and citation omitted).

No standing defects prevent Furry and Tri-Fecta from asserting claims against Linden. "[A] section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000). Although the appellants' complaint is somewhat ambiguous as to which party suffered which alleged injury, it cannot be said that they have failed to plead a set of facts which could conceivably provide standing to one or both appellants to pursue relief. *See id.* at 358-59.

The appellants, however, fail to allege facts sufficient for a jury to find Linden responsible for a deprivation of a constitutional right based upon the conduct of police officers or city employees other than the city manager and director of public works. "[A] local government may not be sued

under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). In the absence of a written policy, "[a] municipal custom may be established by proof of the knowledge of policymaking officials and their acquiescence in the established practice." *Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 902 (6th Cir. 2004). Here, Furry and Tri-Fecta fail to allege that the police officers and city officials, other than the city manager and director of public works, were acting pursuant to city policy or custom. Linden's city manager and director of public works are the only authorized policymaking officials to whom the appellants attribute allegedly unconstitutional conduct. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). Therefore, the district court did not err in granting summary judgment on claims based on the conduct of Linden police officers or city officials lacking policymaking authority.

Although the appellants may pursue the remaining § 1983 claims against Linden, they fail to allege facts sufficient to support their allegations of constitutional violations. Furry and Tri-Fecta argue that Linden, through the conduct of the city manager in zoning disputes regarding a door, awning, and parking lot and the director of public works in a zoning dispute regarding a fence, created a pattern of harassment that infringed a liberty interest, violated substantive due process rights, and violated equal protection rights. In each zoning dispute, however, the Linden officials either reversed their initial findings of violations or abandoned enforcement of the relevant provisions. Therefore, even viewed in the light most favorable to the appellants, these disputes do

No. 05-1074
*Furry and Tri-Fecta, Inc., v. City of Linden*

not rise to the level of constitutional violations.  *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977).


    For the foregoing reasons, we **AFFIRM** the decision of the district court.